UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Christopher A. Chasse,
    Claimant

    v.                                      Case No. 11-cv-260-SM
                                             Opinion No. 2012 DNH 088
Michael J. Astrue, Commissioner,
Social Security Administration,
    Respondent

**O R D E R**

Before the court is defendant's Motion to Vacate the Order of Remand and Reinstate the Case, document no. 5.  For the following reasons, the motion is denied.

Plaintiff filed this case in May, 2011.  On July 20, 2011, defendant filed an assented-to motion for remand.  The motion stated that the Commissioner could not locate the recording of the administrative hearing, which, he argued, amounted to "good cause" for remand under 42 U.S.C. §§ 405(g) and 1383(c)(3).  See document no. 4 at 1.  The motion also represented that "[u]pon remand, a de novo hearing will be held."  Id. at 2.  By endorsed order dated July 28, 2011, this court granted the motion and closed the case.  See Endorsed Order, dated July 28, 2011.

Apparently six days after entry of the remand order, the Office of Disability Adjudication and Review (ODAR) located the

missing recording.  Defendant did not, however, promptly notify plaintiff's counsel or the court that the recording had been found.[1]  Instead, ODAR unilaterally began preparing an administrative record for judicial review.  Document no. 5 at 2.  On October 14, defendant informed plaintiff's counsel that the recording had been found.  On November 8, 2011, over three months after it found the missing recording, defendant filed a Motion to Vacate the Order of Remand and Reinstate the Case, document no. 5.

Defendant argues that the remand order should be vacated under Federal Rule of Civil Procedure 60(b), because the recording - that once was lost, but now is found - "obviates the need for a de novo hearing."  Id. at 2.[2]

---

[1]  In fact, the entire file had been missing, not just the recording.

[2]  Defendant also argues, without development or citation to authority, that, despite his own request, this court "lacked jurisdiction to remand this case in the first place" because plaintiff did not exhaust his administrative remedies.  Document no. 8, at 3.  The argument is without merit.  The requirement that plaintiff exhaust all steps in the agency process may be waived by the Commissioner.  Wilson v. Secretary of Health & Human Serv., 671 F.2d 673, 677 (1st Cir. 1982).  Defendant's request for remand in this case operated as a waiver.  See Dvorak v. Astrue, 2008 WL 4372885, at *2 (D. Kan. Sept. 22, 2008) (court had jurisdiction to address Commissioner's motion for remand, which was based on fact that claimant's file was missing, where Commissioner did not raise waivable requirement for judicial review).

Rule 60(b) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding" under circumstances described in any one of six subsections.  Defendant does not specify which subsections he believes apply under these circumstances.  Nevertheless, because subsections (b)(2) through (5) plainly do not apply, the court will consider the motion as one brought under subsections (b)(1) and (b)(6).  Under those subsections, respectively, an order may be set aside for "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (b)(6).  To obtain relief under subsection (b)(6), the moving party must show that the circumstances are "extraordinary" such that "principles of equity mandate relief."  Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 28-29 (1st Cir. 2006) (quotation omitted).

Defendant is not entitled to relief under Rule 60(b)(1) for at least two reasons.  First, there has been no "mistake" that would warrant relief under that subsection.  Remand was sought because the Commissioner lost the file and did not expect to find it within a reasonable time, no doubt having already conducted a thorough but fruitless search.  A decision had to be made based upon the best information available and the Commissioner made it - the file was indeed lost at the time; the Commissioner didn't expect to find it; and the Commissioner made an informed decision

to resolve the problem by seeking a remand, with plaintiff's agreement, and by conducting a de novo hearing. There is no "mistake" to be found in the Commissioner's understanding of the pertinent facts or his decision. See McCormick v. City of Chicago, 230 F.3d 319, 328 (7th Cir. 2000) (even if subsequent factual development was "'unexpected,'" there was no mutual mistake at the time of settlement agreement for purposes of Rule 60(b)(1)). That the Commissioner found the lost recording after the ordered remand merely describes a factual circumstance that changed after the court remanded the case in accordance with the agreed upon request of the parties.

Second, the remand order resulted from defendant's deliberate decision-making, which also militates strongly against affording relief under Rule 60(b)(1). See Ungar v. Palestine Liberation Org., 599 F.3d 79, 85 (1st Cir. 2010) (there is no "mistake, inadvertence, surprise, or excusable neglect" where the judgment "resulted from [defendants'] deliberate strategic choice"). As plaintiff correctly points out, the Commissioner could have sought a conditional remand - that is, a remand order providing that a de novo hearing would not be necessary, and the case would be reinstated, should the recording be located within a reasonable time after remand. That the Commissioner decided, instead, to seek an unconditional remand and committed to provide a de novo administrative hearing counsels against relief under

Rule 60(b)(1).  See Sweeney v. Verizon Comm., Inc., 2010 WL 3191589, at *2 (D. Mass. Aug. 12, 2010) (excusable litigation mistakes are those "that a party could not have protected against," but not those "which were the result of a deliberate and counseled decision by the complaining party.") (quotation omitted).  That is especially so because vacating the remand order now would deprive plaintiff, over his objection, of the benefit of the Commissioner's commitment to provide a de novo hearing, which proffer no doubt informed plaintiff's decision to assent to the remand request.  After all, plaintiff may now significantly add to the record evidence during a de novo hearing, and might resolve potential procedural difficulties.

    Defendant is also not entitled to relief under Rule 60(b)(6).  The circumstances here are not exceptional, and equitable principles do not mandate that the Commissioner be relieved of the obligation he voluntarily undertook, and upon which plaintiff no doubt relied.  Indeed, the equities favor plaintiff, not the Commissioner.  The Commissioner agreed to provide a new hearing and plaintiff expected to have one within a reasonable time.  As noted, a new hearing may well prove meaningful to plaintiff and he should not be deprived of that opportunity just because "things changed" after the Commissioner decided upon a course of action, moved for specific relief, and the court acted on the motion by issuing a final order closing

the case.  At the time of remand, the Commissioner probably had little expectation that the record would be found, and so reasonably joined with plaintiff in resolving the matter.  That his expectation turned out, after the fact, to be too pessimistic does not provide a basis upon which to undo the decided-upon course and deprive plaintiff of the benefit afforded him.

Absent truly extraordinary circumstances, the government should ordinarily be held to its litigation commitments, particularly those commitments that afford a meaningful benefit to an adverse party.  That different decisions might have been made had the Commissioner anticipated that the file would be found in a timely fashion is somewhat beside the point - as is the fact that the file actually was found (but not disclosed) shortly after the case was remanded.

Defendant's Motion to Vacate the Order of Remand and Reinstate the Case, document no. 5, is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 21, 2012

cc:  Christine W. Casa, Esq.
     Gretchen L. Witt, AUSA